### WILLIAMS v. GERSON.

No. 5349.

Court of Appeal of Louisiana. Second Circuit.

March 1, 1937.

590

Joseph S. Guerriero, of Monroe, for appellant.

James D. Sparks, of Monroe, for appellee.

### TALIAFERRO, Judge.

Plaintiff is an illiterate negro farmer. Defendant is a white man, and landowner in Ouachita parish. This suit is an aftermath of their relation as landlord and tenant for the years 1934 and 1935. It involves the ownership of a mule, and settlement of accounts for each of these years. Plaintiff's ownership of the mule was recognized, but his money demand was rejected. He kept no record whatever of his account with defendant and relies almost exclusively upon his memory in his effort to refute many of the debit charges defendant made against him. Defendant's mode and method of bookkeeping was extremely crude, and in several respects, as found by the trial court, inaccurate and incorrect.

As is too often true in cases of this character, the testimony, in many respects, is inconclusive as to the existence and amount of alleged debits and credits. This is true from the very nature of the case, in view of what we have just said. We have read the testimony closely, more than once, and have studied the lower court's reasons for judgment, and arise from our labors .convinced that this judgment does substantial, if .not exact, justice between the parties. , We do not believe we could improve upon it should we give the case additional consideration. It contains clearly expressed analyses of the issues in the case and the accounts between the parties, and reflects a thorough understanding and appreciation of the record as a whole. We shall adopt said judgment and the reasons given to sustain it as our own. It follows:

"This is a case in which the plaintiff was a sharecropper on the farm of the defendant, during the years 1934 and 1935.

"The suit is brought by the plaintiff to recover possession of a mule claimed by him and for judgment for alleged sums due plaintiff by defendant under the sharecropper contracts for 1934 and 1935.

"The mule in question was bought by the defendant for the plaintiff from a man in Caldwell parish, in the early part of 1934, and delivered by the defendant to the plaintiff; it being understood that the sale price of said mule was $87, and that the mule was to be paid for out of the earnings of the plaintiff under his sharecropper contract, when settlement was made at the time crop was sold.

"During the year 1934, the agreement (both sharecropper agreements, 1934 and 1935, were oral, as testified to by the landlord, Gerson) was that he was to get a fourth of the cotton, and that he was to supply the plaintiff during the said year, and deduct the cost of articles supplied plaintiff, from plaintiff's share of the crop. Gerson testified that, due to financial conditions, he was unable to carry out the terms to furnish the plaintiff, and the plaintiff was furnished by Tidwell & Larche, a firm in West Monroe, La.

"This is stated for the reason that for the year 1934, according to the pleading and the admissions of agreement dictated into the record, all of the items to be charged against the plaintiff's share of the crop were agreed to except a charge for hauling groceries claimed by Gerson. In view of the fact that Gerson had agreed to furnish the plaintiff, and the hauling of the said groceries from Tidwell & Larche was necessitated by Gerson's being unable to carry out that part of the agreement, the court thinks that the item claimed by Gerson for hauling should not be allowed.

"Gerson, the landlord, had given the plaintiff an itemized statement of his account for the year 1934 and 1935. Plaintiff contends. said statement was incorrect,

and Gerson admits on the witness stand that the statements are not correct.

"After a careful analysis of the admissions, the evidence, and pleading, the court finds that for the year 1934, the plaintiff was due from the defendant the sum of $367.19, as his share of the crop.

"Against this amount should be charged the following amounts:

Tax for sale of cotton .......... $ 47.00
Bill paid Tidwell & Larche ...... 13.98
Cash furnished October 10, 1934 .. 20.00
Groceries and Cash furnished .... 45.58
Cash furnished November, 1934 .. 150.00
Interest charged, admitted by both
   parties ..................... 3.42

Total .......$279.98

"This would leave a balance due the plaintiff, for the year 1934, of $87.21.

"As it is stated by both the plaintiff and the defendant, that the purchase price of the mule, to wit, $87, was to be retained out of whatever was due him under settlement of 1934, it would show that there was enough to pay for said mule and leave 21 cents still due plaintiff for the year 1934.

"The defendant admits that he made no payment under the settlement to the plaintiff for the year 1934, and rendered a statement which is in the record, to the defendant, that the said defendant had come out in debt. This statement, the defendant admitted, on the witness stand, was not correct.

"So there can be no question that the mule was bought and paid for by plaintiff in the year 1934. The attitude of the defendant and his account for the year 1935 clearly shows that he understood this, for the reason that in the year 1935 he credited on the account of the plaintiff the sum of $10.87, and itemized it as being for labor and use of the mule in question.

"So the court holds that the mule is the property of the plaintiff, has been paid for in full, and that the defendant took possession of same without any legal authority whatever.

"For the year 1935, the court finds there was due from sale of the cotton to the plaintiff by the defendant the sum of $241.25; due to plaintiff for labor and use of the mule $10.87, total due $252.12.

"Against this sum should be charged the following amounts due defendant by plaintiff:

Cash advanced monthly ........ $ 95.00
Tax on sale of cotton ......... 29.90
Cotton seed and feed ........... 15.92
Cash ......................... 20.00
Cotton sacks .................. 5.35
Hay ......................... 40.00

"In addition, the itemized list of groceries and cash furnished during the early part of 1935, which is filed in evidence, amounts to $62.91; but from this amount should be deducted the first two items appearing on said list, to wit:

Cash in October of 1934 ........ 18.34
Cash in November of 1934 ...... 20.00

"For the reason that these two items were not charged against the 1935 account, as an examination of the statement rendered by Gerson to the plaintiff, which is filed in evidence, and which Gerson admits is not correct, shows that the $18.34 was not money furnished, but amount claimed to be a balance due in 1934 settlement to Gerson; and the $20 charged included in 1935 was passed on by this court in reaching a balance for the year 1934. (See itemized list above in this statement, October 10, 1934, due $20.)

"This leaves only $24.57 of the $62.91 item to be charged against plaintiff's account.

"In addition, the court holds that he owes the amount of the checks introduced in evidence, which Gerson stated he delivered to the plaintiff, and one of which plaintiff admits receiving in cash. This item of $43.54 should be charged against plaintiff.

"As for the item of plowing up the land of plaintiff, the court holds that Gerson can only recover the amount he actually paid out, to wit, $1.25.

"As to interest charges, there has been no agreement as to any amount due, and due to the indefinite records kept by the defendant, showing as to any particular dates and amounts furnished, or any agreement as to any interest that was to be paid, the court rejects the interest charge.

"This would show a total due the defendant by the plaintiff for the year 1935 of $275.53, leaving the plaintiff in debt for the crop year of 1935, to the defendant in the sum of $23.41.

"It is, therefore, the judgment of this court that the plaintiff is decreed the owner of the mule in question, and the said

mule has been paid for in full and·is the property of the plaintiff and his possession should be restored to him; and the sheriff having custody under a judicial sequestration, it is ordered that the sheriff deliver said mule to plaintiff."

The judgment appealed from is affirmed. Defendant is cast for all costs.